United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action 4:16-cv-98 |
| | § | |
| JAMES G. PEIRCE, *et al*, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON THIRD PARTY DEFENDANTS' MOTIONS
TO DISMISS AND THIRD PARTY PLAINTIFF'S MOTION TO REMAND AND
ORDER DENYING THIRD PARTY PLAINTIFF'S MOTION TO REFER CASE TO
MEDIATION**

On November 25, 2015, Third Party Plaintiffs James G. Peirce, Nancy Lee Peirce, and

AEMSTAR EMS, Ltd. (collectively, "Third Party Plaintiffs" or the "Peirces") filed a Third Party

Petition in state court (Doc. No. 1, Ex. 26) ("Complaint"). On January 14, 2016, Third Party

Defendant U.S. Small Business Administration ("SBA") filed a Notice of Removal with the

District Court (Doc. No. 1) ("Notice"). Pending before the Court are the Peirces' Motion to

Remand (Doc. No. 7), the SBA's Motion to Dismiss the Original Third Party Petition (Doc. No.

8), the SBA's Motion to Dismiss the Amended Third Party Complaint (Doc. No. 17), the SBA's

Motion to Dismiss the Second Amended Third Party Complaint (Doc. No. 26), and the Peirces'

Motion to Refer the Case to Mediation (Doc. No. 28). On June 7, 2016, the District Court issued

a notice referring nondispositive matters in this case for decision by this Court and dispositive

matters for Report and Recommendation (Doc. No. 27). The Court **RECOMMENDS** that the

SBA's Motion to Dismiss the Original Third Party Petition be **DENIED AS MOOT**, the SBA's

1

Motion to Dismiss the Amended Third Party Complaint be **DENIED AS MOOT**, the SBA's Motion to Dismiss the Second Amended Third Party Complaint be **GRANTED**, and that the Peirces' Motion to Remand subsequently be **GRANTED**. The Court **ORDERS** that the Peirces' Motion to Refer the Case to Mediation be **DENIED AS MOOT**.

### I.    Background

#### A. Wells Fargo's Suit in State Court

This suit arises out of alleged nonpayment on two loans Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") made to borrowers who are not parties to this litigation.  On November 7, 2014, Wells Fargo filed suit against the guarantors of the loans, James G. Peirce, Nancy Lee Peirce, and AEMSTAR EMS, Ltd. in the 434th Judicial District Court of Fort Bend County, Texas (Doc. No. 1, Ex. 3).  Wells Fargo alleged nonpayment of a U.S. Small Business Administration Note ("Loan 1") and a Business Direct Credit Application Agreement and Personal Guarantee ("Loan 2").  *Id.* ¶ 8.  Wells Fargo alleged that the borrower under both loans failed to make payments and also defaulted by filing for bankruptcy proceedings.  *Id.* ¶ 13.  Wells Fargo asserted that all three Defendants are liable under Loan 1, because each signed an unconditional individual guarantee agreement, and that the debt owed is $239,617.77 "with interest accruing at the per diem rate of $28.35153."  *Id.* ¶ 15-16.  Wells Fargo further asserted that James G. Peirce and Nancy Lee Peirce are liable under Loan 2, because both signed a guarantee agreement contained in Loan 2, and that the debt owed is $35,818.38 "with interest accruing at the per diem rate of $4.80537."  *Id.* ¶ 17-18.  The Peirces answered Wells Fargo's Petition on January 9, 2015 (Doc. No. 1, Exs. 9, 10, & 11).  On January 22, 2015, Wells Fargo filed an Amended Petition, which removed allegations concerning Loan 2 (Doc. No. 1, Ex. 12).

Wells Fargo moved for summary judgment (Doc. No. 1, Ex. 13).  The state court held an oral hearing concerning the motion for summary judgment on August 31, 2015 (Doc. No. 1, Ex. 16).  The Peirces filed an Amended Answer and Original Counterclaim on November 3, 2015, asserting fraudulent inducement, fraudulent non-disclosure, negligent misrepresentation, and entitlement to declaratory judgment against Wells Fargo in connection with both Loan 1 and Loan 2 (Doc. No. 1, Ex. 21).  Also on November 3, 2015, the Peirces filed a Motion for Leave to File a Third Party Petition against the Small Business Administration (Doc. No. 1, Ex. 22).  After a hearing, the state court entered an order granting the Peirces leave to file a Third Party Petition (Doc. No. 1, Exs. 23 & 25).  The Peirces filed the Third Party Petition against the U.S. Small Business Administration on November 25, 2015 (Doc. No. 1, Ex. 26) ("Pet.").

### B.  The Peirces' Third Party Petition and Subsequent Removal to Federal Court

The SBA removed the Peirces' Third Party Petition to the Southern District of Texas, along with Wells Fargo's Amended Petition, on January 14, 2016 (Doc. No. 1).  On February 11, 2016, the Peirces filed a Motion to Remand the matter to state court (Doc. No. 7).  The Peirces alleged causes of action against the SBA for fraudulent inducement, fraudulent non-disclosure, negligent misrepresentation, and declaratory judgment.  Pet. ¶¶ 18-27.  On February 19, 2016, the SBA filed a motion to dismiss (Doc. No. 8) ("1st Mot. Dismiss").

On March 2, 2016, the SBA amended their notice of removal, clarifying the reasons for removal, and responded to the motion to remand (Docs. No. 9 & 10).  On March 18, 2016, the Peirces amended their Third Party Complaint, adding new factual allegations as well as a cause of action for negligence against the SBA (Doc. No. 12 ¶¶ 24-25) ("Am. Compl.").  They also responded to the SBA's motion to dismiss (Doc. No. 13).  On April 22, 2016, the SBA filed a

motion to dismiss the Peirces' amended third party complaint (Doc. No. 17) ("2nd Mot. Dismiss").

On May 13, 2016, the Peirces amended their third party complaint a second time[1], adding new factual allegations as well as a cause of action for contribution and indemnity against the SBA (Doc. No. 21 ¶¶ 26-27) ("2nd Am. Compl."). The Peirces also responded to the SBA's motion to dismiss (Doc. No. 22). On May 27, 2016, the SBA filed a motion to dismiss the Peirces' second amended third party complaint (Doc. No. 26) ("3rd Mot. Dismiss"). On June 17, 2016, the Peirces responded (Doc. No. 29). Additionally, the Peirces filed a motion seeking to have the case referred to mediation (Doc. No. 28). The SBA filed a response opposing referral (Doc. No. 30), and the Peirces filed a reply (Doc. No. 31).

## C. The Second Amended Third Party Complaint

In the most recent amended third party complaint, the Peirces allege the following: Wells Fargo claims that the Peirces owe a debt under Loan 1. 2nd Am. Compl. ¶ 9. The Peirces were not the borrowers under Loan 1, but Wells Fargo seeks payment of the debt under guarantee agreements all three defendants/third party plaintiffs signed. *Id.* In addition, Wells Fargo initially sought payment of a debt owed under Loan 2, but has since dropped that claim. *Id.* ¶ 10. The Peirces are not the applicant under Loan 2, but Wells Fargo sought payment under a

---

[1] The Peirces argue "[b]ecause the SBA's Second Motion [to Dismiss] is a new Motion under Rule 12(b), Rule 15 authorizes the filing of an amended complaint," and therefore that their Second Amended Third Party Complaint is an amended pleading as a matter of course (Doc. No. 22 at 3 n. 2). However, Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . (B) . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). "A plaintiff is entitled only to one amendment as of right; further opportunities are committed to the sound discretion of the trial court." *Patrick v. Wal-Mart, Inc.--Store No. 155*, 681 F.3d 614, 622 (5th Cir. 2012) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). The Peirces did not request leave of the court before filing their Second Amended Third Party Complaint. Nonetheless, the SBA has filed a Motion to Dismiss the Second Amended Third Party Complaint (Doc. No. 26) and the Peirces have filed a Response in Opposition (Doc. No. 29). Because "[t]he court should freely give leave when justice so requires," the Court will consider the Second Amended Third Party Complaint and the SBA's Motion to Dismiss. Fed. R. Civ. P. 15(a)(2).

guarantee agreement James G. Peirce and Nancy Lee Peirce signed. *Id.* The SBA guaranteed both loans. *Id.* ¶¶ 9-10.

The Peirces allege that, in connection with the execution of both the Loan 1 and Loan 2 guarantees, Wells Fargo employees engaged in "trickery, artifice, and/or device . . . by deceiving the [Peirces] into believing it was not necessary for the [Peirces] to thoroughly review and understand the guarantee documents and language;" and by distracting, interfering with, and depriving the Peirces the opportunity to thoroughly review the documents. *Id.* ¶ 11. These same employees, who were purportedly working on behalf of Wells Fargo and the SBA, allegedly made "material and fraudulent representations and promises" that Wells Fargo and the SBA would only ever look to the borrower or applicant for payment, and not to the Peirces as guarantors, to induce them to execute the guarantees. *Id.* ¶ 12. Wells Fargo and the SBA were allegedly engaged in a joint enterprise as it relates to Loan 1 and Loan 2, and the Peirces' allege that the SBA possessed a duty to ensure that Wells Fargo did not "make misrepresentations or false promises to persons such as the Peirces." *Id.* ¶ 15. Both loans were "made on SBA forms, under the express auspices of the SBA." *Id.* ¶ 16. The Peirces further allege that "the SBA owed a duty to borrowers and guarantors that its lenders were not engaged in trickery, artifice, and/or misrepresentation in securing these loans and/or loan guarantees." *Id.* ¶ 16.

## II.     Defendants' Motions to Dismiss[2]

In its Motions to Dismiss, the SBA argues that the Peirces' claims for fraudulent inducement, fraudulent non-disclosure, and negligent misrepresentation should be dismissed for lack of subject-matter jurisdiction, 1st Mot. Dismiss at 4-7; 2nd Mot. Dismiss at 5-9; 3rd Mot. Dismiss at 5-7, and for failure to state a claim upon which relief can be granted, 2nd Mot. Dismiss at 7-9; 3rd Mot. Dismiss at 5-6.  The SBA also asserts that the Peirces' claim for negligence should be dismissed for lack of subject-matter jurisdiction.  2nd Mot. Dismiss at 9-11; 3rd Mot. Dismiss at 7-9.  The SBA further argues that the Peirces' claim for declaratory judgment and associated attorney's fees must be dismissed for failure to state a claim.  1st Mot. Dismiss at 7-10; 2nd Mot. Dismiss at 11-12; 3rd Mot. Dismiss at 9.  Finally, the SBA argues that the Peirces' claim for contribution and indemnity must also fails, as without factual or legal basis.  3rd Mot. Dismiss at 4.

### A.  Legal Standard for Rule 12(b)(1) Motion to Dismiss

"Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction."  *Patty v. United States*, 2015 WL 1893584, at * 3 (S.D. Tex. Apr. 27, 2015) (Rosenthal, J.).  "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."

---

[2] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "If an amended complaint does not incorporate the earlier pleading, a court may deny as moot a motion to dismiss that was filed before the operative amended complaint." *Probado Techs. Corp. v. Smartnet, Inc.*, 2010 WL 918573, at *1 (S.D. Tex. Mar. 12, 2010) (citing *Timberlake v. Synthes Spine, Inc.*, 2010 WL 743927 (S.D. Tex. Feb. 25, 2010)).  In this action, the only effective third party complaint is the Second Amended Third Party Complaint. *See King*, 31 F.3d at 346 ("Applying this rule, [plaintiff's] second amended complaint is the only effective complaint."); *Probado*, 2010 WL 918573, at *1.  Because the Second Amended Third Party Complaint supersedes the Original and Amended Third Party Complaints, the SBA's motions to dismiss those pleadings should be denied as moot. However, because the Second Amended Third Party Complaint incorporates allegations made in the prior complaints, and because each of the SBA's motions to dismiss purports to incorporate the arguments made in their prior motions, the Court will consider the arguments made in each of the SBA's three motions to dismiss against the Peirces' Second Amended Third Party Complaint, as well as the arguments asserted in the Peirces' responses to those motions.

*In re FEMA Trailer Formaldehyde Prods. Liab. Litg.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted).  Rule 12(b)(1) challenges to subject-matter jurisdiction may be facial or factual attacks.  *See, e.g., Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012); *Russell v. City of Houston*, 808 F. Supp. 2d 969, 972 (S.D. Tex. Apr. 25, 2011) (Werlein, J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).  "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings." *Russell*, 808 F. Supp. 2d at 972.  "When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings, which are assumed to be true, are sufficient to invoke the court's subject matter jurisdiction." *Id.*  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. Dec. 19, 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re Formaldehyde*, 646 F.3d at 189).  In ruling on a 12(b)(1) motion, the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). However, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010) (Atlas, J.). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The ultimate question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Id.* at 678. A court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

8

"[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (Lake, J.) (citing *Flynn v. State Farm Fire and Casualty Insurance Co. (Texas)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

### C. The Peirces' Claims Against The SBA For Fraudulent Inducement, Fraudulent Non-Disclosure, Negligent Misrepresentation, and Negligence Should Be Dismissed For Lack of Subject-Matter Jurisdiction

The SBA argues that the Peirces' claims are barred because they failed to exhaust their administrative remedies as required under the FTCA.[3]   2nd Mot. Dismiss at 5-7; 3rd Mot. Dismiss 3-7.  The SBA also contends that the Peirces' claims for (1) fraudulent inducement, *id.* ¶¶ 18-19; (2) fraudulent non-disclosure, *id.* ¶¶ 20-21; and (3) negligent misrepresentation, *id.* ¶¶ 22-23 should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction because there is no waiver of sovereign immunity for those claims.   1st Mot. Dismiss at 4-7. Additionally, the SBA asserts that it cannot be held liable for the actions of the lender.[4]   2nd Mot. Dismiss at 7-11.

---

[3] The Peirces argue that the SBA should not be allowed to argue new reasons for dismissal in subsequent motions to dismiss which were available when the agency filed its First Motion to Dismiss. Resp. 2nd Mot. Dismiss at 2. However, the "requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Thus, a court must dismiss a suit as premature if the plaintiff failed to first exhaust administrative remedies. *See id.* at 204 (observing that "jurisdiction must exist at the time it filed its First Motion to Dismiss" and that "[w]aivers of sovereign immunity must be strictly construed."). "The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Therefore, 12(b)(1) grounds for dismissal may be raised in subsequent motions, and the Court will consider them in this case.

[4] The Peirces argue that the SBA may not raise new 12(b)(6) arguments for dismissal in subsequent motions when the arguments were available at the time it filed its First Motion to Dismiss. Resp. 2nd Mot. Dismiss at 3-4. Rule 12(g) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Rule 12(h)(2) provides that failure to state a claim upon which relief can be granted, as well as two other defenses, may be raised in any pleading allowed by Rule 7(a), by a motion on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). It was thus improper for the SBA to raise this specific 12(b)(6) defense in its Second Motion to Dismiss. Some courts have nonetheless considered such improper motions when the problem that Rule 12(g) was designed to alleviate – unnecessary delay – was not present. *See Stoffels ex rel., SBC Concession Plan v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 648 (W.D. Tex. Feb. 3, 2006) (citing *Donnelli v. Peters Securities Co.*, 2002 WL 2003217, at *4 (D. Ill. 2002)). Here, delay is not a concern. The Court

### 1. The Claims Should Be Dismissed Because The Peirces Have Not Met The Administrative Exhaustion Requirement Of The FTCA

The Peirces do not allege that they have met the administrative exhaustion requirements of the FTCA. Rather, they argue that this requirement does not apply to their third-party complaint. Resp. 2nd Mot. Dismiss at 2-3.

"One of the key conditions that the United States has imposed under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to the initiation of the suit." *Hassan v. Louisiana Dept. of Trans. & Development*, 923 F. Supp. 890, 893 (W.D. La. 1996) (citing 28 U.S.C. § 2675(a)).  "The failure of a claimant to exhaust his administrative remedies prior to asserting a federal action under the provisions of the FTCA deprives the court of subject matter jurisdiction over the suit." *Id.* (citing *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984)).  However, the FTCA provides an exception from the administrative exhaustion requirement for "such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross claim, or counterclaim." 28 U.S.C. § 2675(a).

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  "What this rule means is that the procedural tool of a third-party complaint (or impleader) is available to a defendant when 'the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.' *Hassan*, 923 F. Supp. At 894 (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1446 at 355-

---

has not ruled on any of the three pending motions to dismiss, and it will add no delay to consider the arguments made in all three simultaneously.  Therefore, the Court will extend the same leniency to the SBA for its subsequent 12(b)(6) arguments that it extended to the Peirces in considering the Second Amended Third Party Complaint.

56 (1990)).  Courts have found that "the exception only applies to third-party actions under Fed. R. Civ. P. 14 seeking indemnity or contribution from the government; it does not apply to . . . third-party claims which are not 'true' Rule 14 impleader actions." *Kodar, LLC v. United States*, 879 F. Supp. 2d 218, 226 (D.R.I. June 6, 2012).

As discussed below, the Peirces' claim for indemnity and contribution against the SBA fails.  The other claims which the Peirces make against the SBA are not "true Rule 14 impleader actions," *Kodar*, 879 F. Supp. 2d at 226, because they do not assert that the SBA is somehow liable to the Peirces (Defendants) for the nonpayment claims that Wells Fargo (Plaintiff) makes. Because the Peirces' Second Amended Third Party Complaint is not a true Rule 14 impleader action, the claims are not exempted from the FTCA's administrative exhaustion requirement.  28 U.S.C. § 2675(a).  Because the Peirces did not exhaust their administrative remedies before filing suit, these claims should be dismissed.

### 2. The Claims Should Be Dismissed Because The United States Has Not Waived Sovereign Immunity

"Sovereign immunity protects the federal government from being sued without its consent." *Doe v. United States*, __ F.3d __, 2016 WL 4036382, at * 7 (5th Cir. July 27, 2016) (citing *Molzof v. United States*, 502 U.S. 301, 304-05 (1992)).  The Federal Tort Claims Act ("FTCA") "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, __ U.S. __, 133 S.Ct. 1224, 1228 (2013).  The FTCA, however, contains "a limited waiver of the United States' sovereign immunity." *Molzof*, 502 U.S. at 304-05 (internal citations and quotations omitted).  "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

Section 2680 of the FTCA enumerates several exceptions to the FTCA's waiver of sovereign immunity, thereby limiting the scope of actions for which the government may be liable in tort.   28 U.S.C. § 2680.   "The § 2680 exceptions are designed to protect certain important government functions and prerogatives from disruption.   They mark 'the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'"   *Molzof*, 502 U.S. at 311 (citing *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984)).   "Through the § 2680 exceptions, 'Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations.'"   *Id.* (citing *Muniz*, 374 U.S. at 163).   The exceptions listed in Section 2680 "suggest that Congress' primary concern in enumerating [them] was to retain sovereign immunity with respect to certain governmental *functions* that might otherwise be disrupted by FTCA lawsuits."   *Id.* at 311-12.

### a.  The FTCA Waives Sovereign Immunity Only For The Negligent Or Wrongful Acts Of Government Employees

The SBA argues that § 2680(h) of the FTCA applies to the Peirces' claims for fraudulent inducement, fraudulent non-disclosure, and negligent misrepresentation.   Section 2680(h) of the FTCA provides an exception to the United States' waiver of sovereign immunity with regard to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ."   28 U.S.C. § 2680(h).   "The FTCA's misrepresentation exception is broad: it bars any claim arising out of a misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred by section 2680(h)."   *Life Partners Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. Aug. 16, 2011).

As the Peirces correctly note, however, "[t]o apply this exception, '[the Court] must determine whether the chain of causation from the alleged negligence to the injury depends upon a misrepresentation by a government agent.'" *In re FEMA Trailer Formaldehyde Prods. Liab. Litg.*, 713 F.3d 807, 811 (5th Cir. Apr. 9, 2013) (citing *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011)). The Peirces further argue that because Wells Fargo employees, not SBA employees, made misrepresentations, § 2680(h)'s exception does not apply. Resp. 1st Mot. Dismiss at 2-3.

The FTCA, however, waives sovereign immunity for "claims against the United States . . . for . . . damages . . . caused by the negligent or wrongful act or omission of **any employee of the Government** . . ." 28 U.S.C. § 1346(b)(1) (emphasis added). Further, § 2671's definition of "employee of the government" includes "officers or employees of any federal agency." 28 U.S.C. § 2671. "Federal agency," in turn, "does not include any contractor with the United States." *Id.* "[T]he United States is not liable for the negligence of an independent contractor with the Government." *Lathers v. Penguin Indus., Inc.*, 687 F.2d 69, 71 (5th Cir. 1982) (citing *Alexander v. United States*, 605 F.2d 828, 833 (5th Cir. 1979); *Aretz v. United States*, 604 F.2d 417, 427 (5th Cir. 1979)). The language of the FTCA "precludes federal liability for the torts of an independent contractor." *Aretz*, 604 F.2d at 426.

"Whether one is an employee of the United States or of an independent contractor is determined by reference to federal law." *Cavazos ex rel. Cavazos v. United States*, 776 F.2d 1263, 1263 (5th Cir. 1985) (citing *Logue v. United States*, 412 U.S. 521 (1973)). "The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Linkous*, 142 F.3d at 275 (citing *United States v. Orleans*, 425 U.S. 807, 814

13

(1976); *see also Cavazos*, 776 F.2d at 1264 (discussing the "*Logue-Orleans* daily-detailed-control test" (internal quotation marks omitted)).  In this inquiry, the "critical question is . . . not whether the agent must comply with federal standards," *Hines v. United States*, 60 F.3d 1442, 1447 (9th Cir. 1995), *abrogated on other grounds by United States v. Olson*, 546 U.S. 43 (2005), or "whether the . . . [agent] receives federal money and must comply with federal standards and regulations," *Cavazos*, 776 F.2d at 1264 (quoting *Orleans*, 425 U.S. at 815).  Instead, the critical issue is "whether [the agent's] day-to-day operations are supervised by the Federal Government." *Id.*

The Peirces make no allegation that the SBA supervises the daily operations of Wells Fargo employees in executing small business loans and guarantees.  In addition, under SBA regulations,

> [l]enders, CDCs and their contractors are independent contractors that are responsible for their own actions with respect to a 7(a) or 504 loan.  The SBA has no responsibility or liability for any claim by a borrower, guarantor or other party alleging injury as a result of any allegedly wrongful action taken by a Lender, CDC or an employee, agent, or contractor of a Lender or CDC.

13 C.F.R. § 120.181.  Accordingly, because Wells Fargo is an independent contractor, the United States has not waived its sovereign immunity under the FTCA for claims arising from the misrepresentations or negligence of Wells Fargo employees.

### b. The Discretionary Function Exception of the FTCA Prevents Waiver Of Sovereign Immunity For The Peirces' Negligence Claim

The Peirces argue that the negligence claim against the SBA is based on the negligence of the agency itself in supervising Wells Fargo and its employees, not on the negligent behavior of the lender, making the waiver of liability in § 120.181 for actions of the lender inapplicable.  Resp. 2nd Mot. Dismiss at 6.  Nonetheless, § 2680(a) of the FTCA provides an exception to the

14

Government's waiver of sovereign immunity which applies to this claim, depriving the Court of subject-matter jurisdiction.[5]  Section 2680(a), commonly referred to as the discretionary function exception, provides that the FTCA "shall not apply to . . . any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a federal agency or an employee of the Government, whether or not the discretion be abused." 28 U.S.C. § 2680(a).

"The discretionary function 'exception covers only acts that are discretionary in nature, acts that involve an element of judgment or choice.'" *Patty*, 2015 WL 1893584, at *6 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)).  "[T]he purpose of the exception is to 'prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'"  *United States v. Gaubert*, 499. U.S. 315, 322 (1991) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)).  "A two-part test determines the applicability of the discretionary function exception: (1) the challenged action must be the product of 'judgment or choice,' and (2) the judgment or choice must be 'susceptible to policy analysis.'"  *Doe*, 2016 WL 4036382, at *7 (quoting *Gaubert*, 499 U.S. at 322-25).  The Fifth Circuit has held, in analyzing the application of § 2860(a), that "[s]upervision of a contractor's work, including the degree of oversight to exercise, is inherently a discretionary function."  *Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) (citing *Kirchmann v. United States*, 8 F.3d 1273, 1276-77 (8th Cir. 1993)); *Washington v. U.S. Dept. of Housing and Urban Dev.*, 953 F.

---

[5] Although the SBA does not explicitly raise § 2680(a), the discretionary function exception, as a defense, the Court may consider it *sua sponte*, because consideration of the applicability of the exception will also determine if the Court has subject-matter jurisdiction over this claim. *See Huff v. Neal*, 55 Fed. App'x 289, 297 (5th Cir. Jan. 27, 2014) (upholding District Court decision to consider subject-matter and § 2680(a) *sua sponte* because "[t]he district court was obliged to undertake an analysis of the applicability of the discretionary function exception and dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1).").

Supp. 762, 778 (N.D. Tex. 1996) ("Thus, the rule under the FTCA is that the United States is not liable for the negligence of a government contractor or for failure to exercise the proper supervision or control over its independent contractor."). *But see Phillips v. United States*, 956 F.2d 1071, 1076 (11th Cir. 1992) (allowing suit against Government for negligence in supervising contractors because claim arose "out of [Government]'s actual negligence in discharging . . . mandatory safety regulations."). Because the Peirces' negligence claim is based upon the negligence of the SBA in supervising Wells Fargo, a contractor under SBA regulation, this claim falls under the § 2680(a) discretionary function exception to the FTCA's waiver of sovereign immunity. Therefore, there is no waiver of sovereign immunity as to this claim.

Because the Peirces have not met the administrative exhaustion requirement of the FTCA, the Court lacks subject-matter jurisdiction over their claims for fraudulent inducement, fraudulent non-disclosure, negligent misrepresentation, and negligence. Further, these claims are not ones for which the FTCA has waived sovereign immunity. Because the Court lacks subject-matter jurisdiction, the Court should dismiss these claims without prejudice.

### D. The Peirces' Claim Against The SBA For Declaratory Judgment Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

The Peirces seek relief under the Texas Declaratory Judgment Act and the federal Declaratory Judgment Act. 2nd Am. Compl. ¶ 29. "However, district courts cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *James v. Wells Fargo Bank, N.A.*, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014) (Lake, J.) (citing *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *4 (N.D. Tex. Aug 19, 2011)). "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one

brought under the federal Declaratory Judgment Act." *Bell v. Bank of America Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (Ellison, J.).

Further, "[t]he federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under substantive law." *James*, 2014 WL 2123060, at *8 (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)). Because the Court finds that the Peirces have failed to state a cause of action in tort against the SBA over which this Court has subject-matter jurisdiction, "no basis remains for the declaratory judgment requested in the [Second Amended Third Party Complaint]." *James*, 2014 WL 2123060. Accordingly, the Court recommends that the Peirces' claim for declaratory judgment be dismissed for failure to state a claim upon which relief can be granted.

Additionally, the Peirces seek attorney's fees for pursuing this action. 2nd Am. Compl. ¶ 30. "To recover attorneys' fees, Plaintiff[] must prevail on a cause of action for which attorneys' fees are recoverable." *Velasquez v. Wells Fargo Bank, N.A.*, 2014 WL 1877665, at *6 (S.D. Tex. May 9, 2014) (Kazen, J.) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). The federal Declaratory Judgment Act does not specifically provide for attorney's fees, but allows for "[f]urther necessary and proper relief." 28 U.S.C. § 2202. Because the Peirces underlying claim for declaratory judgment should be dismissed for failure to state a claim upon which relief can be granted, the claim for attorney's fees as an extension of declaratory judgment should also be dismissed.

### E. The Peirces' Claim For Contribution And Indemnity Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

In the Second Amended Third Party Complaint, the Peirces added a claim for contribution and indemnity against the SBA for the alleged nonpayment of Loans 1 and 2. 2nd Am. Compl. ¶¶ 26-27. The Peirces allege, specifically, that "[t]o the extent the Peirces are found liable to Wells Fargo, the Peirces assert their entitlement to recover against the SBA under the doctrines of contribution and indemnity, to the fullest amount allowed by law." *Id.* ¶ 27. In response, the SBA argues that there is no basis in the Peirces' factual allegations for this claim, and that the SBA's guarantee duty runs to the lender, not to the borrower or guarantors of the loans. 3rd Mot. Dismiss at 4-5.

"Under the FTCA, the Government may be liable 'if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Lopez v. Vaquera*, 2013 WL 623567, at *12 (W.D. Tex. Feb. 19, 2013) (citing 28 U.S.C. § 1346(b)). "This waiver . . . extends to contribution and indemnity claims that are viable under relevant state law." *Id.* "Contribution and indemnity are methods by which the burden of paying damages to a plaintiff is shifted from one defendant to another, both of whom are jointly liable to the plaintiff on the same claim." *Id.* at 13 (citing *Equitable Recovery, L.P. v. Health Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 387 (Tex.App.—Dallas 2007, pet. dism'd). "Under Texas law, contribution and indemnity are not independent causes of action; rather, they are derivative of a plaintiff's right to recover." *Id.* (citing *Compass Bank v. Vey Fin., LLC*, 2012 WL 1952290, at *2 n.5 (W.D. Tex. May 30, 2012); *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 935 (Tex. 1992)).

The Peirces allege that "payment of the Loan 1 Note debt has been guaranteed by the SBA," and "payment of the Loan 2 Credit Agreement alleged debt has been guaranteed by the SBA." 2nd Am. Compl. ¶¶ 9-10. The Peirces fail to allege how these facts give rise to the

Peirces' right to contribution or indemnity against the SBA. *Id.* ¶ 27. However, the SBA's guarantees on the nonpayment of loans preclude the contribution and indemnity liability the Peirces assert. As the Court found in *Rooster's Grill, Inc. v. Peoples Bank*,

> Unlike a direct SBA loan or an immediate participation loan by a lender and the SBA, an SBA-guaranteed loan is one in which the SBA is not a lender but rather guarantees a portion of a loan made by a lender. *See* 13 C.F.R. § 120.2(a). **The SBA guarantee program is designed to provide protection for lenders and thereby encourage private lending to small businesses.** Under the terms of a statutory SBA guarantee, the SBA does not act as a surety or guarantor for the small business borrower. Rather, once a borrower on an SBA-guaranteed loan has been in default for more than sixty days, then upon demand by the lender, after all business personal property securing the defaulted loan has been liquidated, the SBA is required to purchase its guaranteed portion of the outstanding balance. *Id.* § 120.520(a)(1). It may then pursue the borrower (including any security) for the outstanding balance of the loan. An SBA guarantee does not release the borrower of its indebtedness; it simply changes who enforces the debt. *Id. See also BancOhio Nat. Bank v. Small Business Admin.*, 1987 WL 37611, *2 (6th Cir. 1987) (explaining that existence of SBA guarantee would not help borrower in event of default because "if SBA purchases a loan they then stand in the shoes of the bank with all the security and guarantees originally provided running to them. Thus, [the borrower] would merely find himself being sued by the SBA instead of the bank.").

965 F. Supp. 2d 770, 774 (S.D. Miss. Apr. 11, 2013) (emphasis added). Here, the SBA is not liable to the Peirces for nonpayment on the loans, nor is the SBA jointly liable with the Peirces to Wells Fargo. Rather, the SBA's liability runs directly to Wells Fargo, separately from the Peirces potential liability. Further, should Wells Fargo succeed in its claims against the Peirces, and the SBA fulfill its loan guarantee to Wells Fargo, then the SBA would be entitled to pursue the Peirces for the debt. *Id.*

   Accordingly, the Peirces have not alleged facts which give rise to a claim for contribution or indemnity against the SBA under Texas law. The Peirces have failed to state a claim upon

which relief can be granted.   The Peirces claim for contribution and indemnity should be dismissed with prejudice.

### F.  Third Party Plaintiffs Should Not Be Granted Leave to Amend

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile." *Donnelly v. JP Morgan Chase, NA*, 2014 WL 429246, at *2 (S.D. Tex. Feb. 4, 2014) (Rosenthal, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.")).   While it is within the discretion of the court to grant leave to amend, "a plaintiff should be denied leave to amend a complaint if the court determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face.'"  *Id.* (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1487 (2d ed. 1990); *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.")).

Because (1) the Court lacks subject-matter jurisdiction over the Peirces' claims for fraudulent inducement, fraudulent non-disclosure, negligent misrepresentation, and negligence; (2) the claim for declaratory judgment has no substantive claim on which to rest; and (3) the contribution and indemnification claim fails, amendment would be futile.   Accordingly, the Court recommends that the Peirces' not be given leave to amend their Third Party Complaint.

### III.    Motion to Remand

After the SBA removed this case, the Peirces moved to remand to the state court. "Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377). As a general matter, defendants may remove to federal court those state court civil actions over which the federal courts would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013). A plaintiff who believes that a case has been improperly removed may seek to have the federal court remand the matter to state court, and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

This case was properly removed based on federal question jurisdiction for the claims the Peirces asserted against the SBA. Even though diversity jurisdiction exists, Wells Fargo, the out-of-state plaintiff, originally filed in state court and does not oppose remand. Because the Court recommends that all claims against the SBA be dismissed, the Court recommends that following dismissal of all claims against the SBA, the District Court should remand this matter to state court.

### IV.    The Peirces' Motion to Refer Case to Mediation

The Court has the authority to require the parties to engage in mediation. *See* 28 U.S.C. § 651(b); Local Rule 16.4. Because the Court recommends that the Peirces' claims against the

SBA be dismissed, and the case between Wells Fargo and the Peirces be remanded to state court, however, ordering mediation in federal court would be inappropriate.  Accordingly, the Peirces' Motion to Refer Case to Mediation is denied as moot.

### V.      Conclusion

The Court **RECOMMENDS** that the SBA's Motion to Dismiss the Original Third Party Petition be **DENIED AS MOOT**, the SBA's Motion to Dismiss the Amended Third Party Complaint be **DENIED AS MOOT**, the SBA's Motion to Dismiss the Second Amended Third Party Complaint be **GRANTED**, and that the Peirces' Motion to Remand subsequently be **GRANTED**.

The Court **ORDERS** that the Peirces' Motion to Refer the Case to Mediation be **DENIED AS MOOT**.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).


DATE: August 12, 2016

**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**

22